UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY WARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:19 CV 1909 RWS |
| | ) |
| TERI LAWSON, | ) |
| | ) |
| Respondent. | ) |

# **MEMORANDUM AND ORDER**

Petitioner Larry Ward is an inmate at the Farmington Correctional Center in Farmington, Missouri.  On May10, 2018, Ward pleaded guilty to eleven counts of child pornography-related charges in a single plea in two cases pending in St. Charles Circuit Court, Missouri.[1]  Ward was sentenced to seven years imprisonment on each count in both cases, with the sentences to run concurrently. Ward did not file a direct appeal or seek post-conviction relief.

---

[1] The two cases are St. Charles County Case Number  1711-CR00589 ("Case 589") and St. Charles Case Number 1711-CR03572-01("Case 3572").  In Case 589, Ward  pleaded guilty to one count of promoting child pornography in the first-degree (Count 1) and seven counts of possession of child pornography (Counts 2 through 8).  In Case 3572, Ward pleaded guilty to two counts of promoting child pornography in the first-degree (Counts 1 and 2) and one count of possession of child pornography (Count 4).  In exchange  for Ward's guilty plea the State dismissed nine counts of possession of child pornography–moving image(Counts 9 through 18) in Case 0589 and one count of promoting child pornography in the first-degree (Count 3) in Case 3572. (Resp. Ex. C at 16; Resp. Ex. F at 2; Resp. Ex. G at 2).  The State also agreed to recommend the court impose seven-year sentences on each count to be served concurrently. (*Id.*).

Ward filed the instant petition for habeas relief on July 1, 2019.[2] In his petition, Ward alleges in conclusory fashion that he did not receive ineffective assistance of counsel. He also appears to claim that he has been subjected to double jeopardy, because there were "many duplicates" and "many [counts] could have been dropped." Respondent filed an opposition to the habeas petition on October 24, 2019, arguing that Ward's petition should be dismissed as untimely.[3] Ward did not file a traverse or otherwise respond to respondent's brief. Because Ward's petition is time-barred, the Court will dismiss his habeas petition.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner

---

[2] Petitioner signed and dated his petition on July 1 2020, so the Court will give petitioner the benefit of the doubt and assume that he placed it in his prison's mailing system on the same day. "[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

[3] Respondent alternatively argues that Ward's claims are procedurally defaulted and meritless. Even if Ward's petition were timely, his claims are procedurally defaulted because he did not raise the double jeopardy claim on direct appeal or the ineffective assistance of counsel claim in a post-conviction motion. As petitioner makes no attempt to avoid the procedural default of his claims, both grounds of petitioner's habeas petition are also denied as procedurally defaulted.

has one year from the date his judgment becomes final to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For Missouri prisoners like Ward who do not file a direct appeal, judgment becomes final ten days after a sentencing that disposes of all counts pending against the prisoner. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review); Mo. S. Ct. R. 81.04(a) ("No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment, decree, or order appealed from becomes final"); and *State v. Waters*, 597 S.W.3d 185, 189 (Mo. 2020) (explaining that "[a] judgment of conviction is not final so long as any count in an indictment or information remains pending before the circuit court"). In this case, the St. Charles Circuit Court sentenced Ward on May 10, 2018. Because Ward did not appeal, his judgment became final on May 20, 2018, and his one-year statute of limitations began running at this time. That means the deadline for Ward to file his § 2254 petition was May 21, 2020. Ward did not file his petition until July 1, 2019, 41 days after the expiration of the limitations period. Ward has made no

attempt to excuse the delay as he has failed to file a traverse or any other pleading which addresses the timeliness argument, and his time for doing so has expired. Therefore, Ward's habeas petition must be dismissed as time-barred.

To the extent Ward's habeas petition is construed as requesting an evidentiary hearing, it will be denied. Generally, an evidentiary hearing is within a habeas court's discretion, as limited by statutory restrictions set forth in the AEDPA. *See Schriro v. Landrigan*, 550 U.S. 465, 473–75 (2007); 28 U.S.C. § 2254(e)(2). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro*, 550 U.S. at 474. In addition, a federal habeas court must take into account "the deferential standards" under the AEDPA that "control whether to grant habeas relief." *Id.* A habeas court need not hold an evidentiary hearing "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief." *Id.* (internal quotation marks and citation omitted). As Ward's claims are conclusively refuted by the record, the Court denies any request for an evidentiary hearing. *See Crawford v. Norris*, 363 Fed. Appx. 428, at *2 (8th Cir. 2010) ("If the factual allegations a petitioner seeks to prove would not entitle him to relief under the relevant standard, then an evidentiary hearing is not required."). For the same reason, the Court also denies Ward's motion for

4

appointment of counsel. *See Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (in determining whether to appoint counsel, court should consider whether "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel.").

As Ward has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 [1] is denied.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [9] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as petitioner has not made a substantial showing of the denial of a federal constitutional right.

A Judgment in accordance with this Memorandum and Order is entered this same date.

                                                                      _____
                                                                      RODNEY W. SIPPEL
                                                                      UNITED STATES DISTRICT JUDGE

Dated this 23rd day of July, 2020.